IN RE ROBERT HATCHMAN.

{ Decided February 4, 1884.
{ The CHIEF JUSTICE and Justices MAC ARTHUR and JAMES sitting.

1. In legal effect the action of an applicant or his attorney is the same.
2. Where one of the claims in an original application was rejected upon reference to certain patents, and the applicant, by his attorney, orders the same to be erased, and thus obtains and accepts a patent for the residue of his claims, there has been no inadvertence, accident or mistake within the meaning of the patent law, and the patentee is not entitled to a reissue covering the claim before erased.

APPLICATION of Robert Hatchman for reissue of Letters Patent No. 283,602.

Mr. Justice MAC ARTHUR delivered the opinion of the court.

This is an appeal from the decision of the Commissioner of Patents. In his application for a patent, Hatchman made several claims, all of which were allowed except one, and that was rejected on the ground that it was too broad, and was met by previous inventions for which patents had issued. Upon such examination said claim was erased and withdrawn by order of his attorney, and he obtained and accepted the original patent for the other claims, dated August 21, 1883. The application for reissue was made October 5, 1883, for the same claim which had been examined in granting the original patent and rejected, with his acquiescence, or that of his attorney, which is the same thing

in legal effect. Upon this state of the record the reissue was denied, on the ground that the claim had been cancelled by the duly authorized attorney of the applicant, and that, having been cancelled and the patent issued without it, he is not entitled to a reissue covering that identical claim. The case is here on appeal from that decision.

The sole question presented is whether, under these circumstances, Hatchman is entitled to a reissue to protect the disallowed claim on the ground that the same had been rejected by inadvertence, accident and mistake, and without any fraudulent or deceptive intention.

We are of opinion that on an application for a patent, when one of the claims presented is covered by previous inventions and the patents therefor are referred to, and the Examiner upon such reference decides against such claim, and the applicant thereupon, by his attorney, orders the same to be erased and withdrawn, and thus obtains and accepts a patent for the residue of his claims, he is not entitled to a reissued patent containing the identical claim which he has so erased and withdrawn. We also hold that under such circumstances no error has arisen by inadvertence, accident or mistake, within the meaning of the patent law, which would authorize the Commissioner to entertain the application for a reissue. We, therefore, think that the decision appealed from ought to be affirmed, and the appeal ismissed. Let the proper order be prepared.